### QUIGG v. POST & McCORD.

(Supreme Court, Appellate Division, Second Department.   March 5, 1909.)

1. WITNESSES (§ 398*)—CREDIBILITY—CONTRADICTION—LAYING FOUNDATION.
   In an action for injuries to a servant, a question, asked of defendant's superintendent on cross-examination, whether he did not make a statement for the defendant or an insurance company, was proper to lay a foundation to contradict the witness or to minimize his testimony.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1267, 1274; Dec. Dig. § 398.*]

2. MASTER AND SERVANT (§ 288*)—INJURIES TO SERVANT—ASSUMED RISK.
   In an action for injuries to a servant by falling from a scaffold, alleged to have been due to the master's failure to furnish material, which had been asked for and promised, whether plaintiff assumed the risk was for the jury, under the express provisions of Employer's Liability Act (Laws 1902, p. 1750, c. 600) § 3.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1070; Dec. Dig. § 288.*]

Appeal from Trial Term, Nassau County.

Action for personal injuries by Joseph Quigg against Post & McCord. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before JENKS, GAYNOR, RICH, and MILLER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles J. Fay, for appellants.

James M. Gray (Joseph E. Owens, on the brief), for respondent.

GAYNOR, J. The denial of the defendant's motion for the withdrawal of a juror because the counsel for the plaintiff asked the defendant's superintendent on cross-examination whether he had not made a statement for the defendant "or an insurance company" was not error. It was a proper question. It is common for trial judges to hear such questions asked and answered in the affirmative, and for the statement to the insurance company to be then called for and produced. The plaintiff has the right to find out whether the witness has made a statement to any one, and to use it if he can to contradict the witness, or minimize his testimony. Such statements are invariably got of the witnesses by the insurance company, as is familiar to all. The motion of defendant's counsel that jurymen will find a verdict against an insured defendant when they should or would have found the other way if he had not been insured, is an impeachment of juries which has no foundation. Rinklin v. Acker, 125 App. Div. 244, 249, 109 N. Y. Supp. 125.

There was no error in refusing to dismiss on the ground that the plaintiff assumed the risk. The workmen, of whom the plaintiff was one, had to make shifts and changes in the high scaffold on which they were working from time to time—they were building a high steel smokestack, and had to set the scaffold higher and higher as it went up—but the claim of the plaintiff was that sufficient material for the scaffold was not furnished, and that that was the cause of the plaintiff's fall. There is evidence to that effect, and that the material was asked for and promised. Whether the plaintiff was negligent in continuing at work after the material was promised, or (which is the better way of saying it) assumed the risk, was for the jury to determine. Section 3 of the employer's liability act (Laws 1902, p. 1750, c. 600) expressly provides so, and it in terms applies in all cases, i. e., even to cases in which the notice of the injury provided for by another section of that act was not given. Rice v. Eureka Paper Co., 174 N. Y. 397, 66 N. E. 979, 62 L. R. A. 611, 95 Am. St. Rep. 585. On appeal, therefore, the question is one of weight of evidence only.

The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.